<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4829**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

GRAHAM PAGE SIPE,

        Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:06-cr-00133-JAB-2)

Submitted:  March 31, 2010        Decided:  April 19, 2010

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Darren Byers, LAW OFFICE OF J. DARREN BYERS, P.A., Winston-Salem, North Carolina, for Appellant.  Paul Alexander Weinman, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Graham Page Sipe pled guilty pursuant to a plea agreement to armed bank robbery, in violation of 21 U.S.C. § 2113 (2006), and was sentenced to sixty-three months in prison. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, he has found no meritorious issues for appeal. Counsel nonetheless questions whether Sipe's sentence is reasonable. Sipe has not filed a pro se supplemental brief despite receiving notice that he may do so, and the Government declined to file a responsive brief. Finding no error, we affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of a guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of Sipe's Rule 11 hearing reveals that the district court complied with Rule 11's requirements. Sipe's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. We therefore find that no plain error occurred and affirm Sipe's conviction.

We also find no error, plain or otherwise, with regard to Sipe's sentence and therefore affirm that sentence. Sipe's presentence investigation report properly placed him in a

2

category I criminal history and attributed him with a total offense level of twenty-six, yielding a Guidelines range of sixty-three to seventy-eight months. At sentencing, the district court considered counsel's motion for a downward departure based on Sipe's alleged diminished capacity, but reasonably concluded that the circumstances of Sipe's offense rendered him ineligible for a downward departure. The district court offered Sipe an opportunity to allocute and considered the 18 U.S.C. § 3553(a) (2006) factors before imposing Sipe's sentence.

We find that the district court appropriately treated the Guidelines as advisory, adequately explained its rationale for imposing Sipe's sentence, and that the reasons relied upon by the district court were individualized, plausible, and justified the sentence imposed. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (recognizing that the district court must "place on the record an individualized assessment based on the particular facts of the case before it" and that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review"). Moreover, we find no evidence to rebut the presumption this court accords Sipe's within-Guidelines sentence. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Sipe, in writing, of the right to petition the Supreme Court of the United States for further review. If Sipe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sipe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4